# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN COIT,<br>　　　　Plaintiff<br><br>　　　v.<br><br>B. FISHER,<br>　　　　Defendant | No. 1:18-cv-2439<br><br>(Judge Kane) |

## MEMORANDUM

Before the Court is pro se Plaintiff Kevin Coit ("Plaintiff")'s complaint filed pursuant to 28 U.S.C. § 1983 (Doc. No. 1) and motion for a preliminary injunction and temporary restraining order (Doc. No. 17), as well as Defendant Fisher's brief in opposition to Plaintiff's motion (Doc. No. 30). Because the time period for filing a reply brief has expired, the motion is ripe for resolution.

## I.　BACKGROUND

Plaintiff is currently incarcerated at the State Correctional Institution Smithfield in Huntingdon, Pennsylvania ("SCI Smithfield"). In his complaint, Plaintiff alleges that Defendant Fisher, a unit manager at SCI Smithfield, has violated his rights under the Eighth Amendment to the United States Constitution by failing to protect him from other inmates. (Doc. No. 1.) Specifically, Plaintiff maintains that he told Defendant Fisher that other inmates were verbally harassing him, and that Defendant Fisher did nothing. (Id.) Ultimately, another inmate spit on and threw feces at Plaintiff. (Id.) Plaintiff seeks $75,000.00 in damages. (Id.)

As noted above, Plaintiff has also filed a motion for a preliminary injunction and temporary restraining order (Doc. No. 17), as well as several documents in support of his motion (Doc. Nos. 18, 19, 25, 26, 27). He seeks an order "enjoining the defendants . . . from deviating from [Department of Corrections' policy] 13.8.1 [and directing them to] provide medical and

medical treatment when needed[,] cease all retail[a]tory actions on [P]laintiff[, and] stop depriving [him] of due process equal protection and all constitutional rights." (Doc. No. 17 at 1.) Throughout his documents, Plaintiff maintains that he is being subjected to the use of excessive force and that various officers have retaliated against him by delaying his mail, losing his mail, and denying him phase advancements through the Behavioral Management Unit.

## II. LEGAL STANDARD

Preliminary injunctive relief is extraordinary in nature and is discretionary with the trial judge. See Orson, Inc. v. Miramax Film Corp., 836 F. Spp. 309, 311 (E.D. Pa. 1993) (citing Skehan v. Bd. of Tr. of Bloomsburg State Coll., 353 F. Supp. 542 (M.D. Pa. 1973)). In determining whether to grant a motion seeking preliminary injunctive relief, courts within the Third Circuit consider the following four factors: (1) the likelihood that the applicant will prevail on the merits; (2) the extent to which the movant is being irreparably harmed by the conduct complained of; (3) the extent to which the non-moving party will suffer irreparable harm if the preliminary injunction is issued; and (4) whether granting preliminary injunctive relief will be in the public interest. See S & R Corp. v. Jiffy Lube Int'l, Inc., 968 F.2d 371, 374 (3d Cir. 1992) (citing Hoxworth v. Blinder, Robinson & Co., 903 F.2d 186, 197-98 (3d Cir. 1990)). To prove "irreparable injury" a plaintiff must demonstrate actual and immediate injury rather than a possibility of future harm. See Continental Group, Inc. v. Amoco Chemical Corp., 614 F.2d 351, 359 (3d Cir. 1980). It is the moving party that bears the burden of demonstrating these factors. See Dorfman v. Moorhous, No. 93-cv-6120, 1993 WL 483166, at *1 (E.D. Pa. Nov. 24, 1993). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." SI Handling Sys., Inc. v. Heisley, 753 F.2d 1244, 1264 (3d Cir. 1985). Furthermore, "there must be a relationship between the injury claimed in

the party's motion and the conduct asserted in the complaint." See Ball v. Famiglio, 396 F. App'x 836, 837 (3d Cir. 2010) (internal quotation marks omitted) (quoting Little v. Jones, 607 F.3d 1245, 1251 (10th Cir. 2010)).

Moreover, "[t]he 'requisite feared injury or harm must be irreparable – not merely serious or substantial,' and it 'must be of a peculiar nature, so that compensation in money cannot atone for it.'" See ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987) (quoting Glasco v. Hills, 558 F.2d 179, 181 (3d Cir. 1977)). "In order to demonstrate irreparable harm the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial. The preliminary injunction must be the only way of protecting the plaintiff from harm." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989). "The key word in this consideration is irreparable. . . . The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." Sampson v. Murray, 415 U.S. 61, 90 (1974) (emphasis in original).

### III. DISCUSSION

Defendant Fisher asserts that Plaintiff's motion should be denied because: (1) it is wholly unrelated to his complaint; (2) Plaintiff has not demonstrated a likelihood of success on the merits; and (3) Plaintiff has not demonstrated that he will suffer irreparable harm. (Doc. No. 30 at 4-7.) The Court agrees.

As an initial matter, it appears that Plaintiff seeks injunctive relief against individuals who are not parties to this action. See Martin v. Keitel, 205 F. App'x 925, 929 (3d Cir. 2006). Moreover, the relief Plaintiff requests is completely unrelated to his allegation that Defendant Fisher failed to protect him from other inmates. See Ball, 396 F. App'x at 838. The only request

for relief arguably related to his complaint is his request that staff members be enjoined from depriving him of "all constitutional rights." (Doc. No. 17 at 1.) However, to the extent that Plaintiff seeks injunctive relief related to his failure to protect allegations, he has failed to "produce sufficient evidence to satisfy the essential elements of the underlying cause of action." McCahon v. Pa. Tpk. Comm'n, 491 F. Supp. 2d 522, 527 (M.D. Pa. 2007). Moreover, nothing in Plaintiff's filings suggests that he will suffer irreparable harm if injunctive relief is not granted. See Instant Air Freight Co., 882 F.2d at 801; see also Adams v. Freedom Forge Corp., 204 F.3d 475, 484 (3d Cir. 2000) (noting that "the risk of irreparable harm must not be speculative").

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for a preliminary injunction and temporary restraining order (Doc. No. 17) will be denied. An appropriate Order follows.